**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RONALD F. FIDGE**,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**LAKE COUNTY SHERIFF'S DEPARTMENT**, *et al*.,<br><br>　　　　Defendants. | Case No.: 13-CV-5182 YGR<br><br>**ORDER GRANTING IN PART DEFENDANTS LAKE COUNTY SHERIFF'S DEPARTMENT AND OFFICER STEVE WRIGHT'S PARTIAL MOTION TO DISMISS** |

Plaintiff Ronald F. Fidge commenced this civil rights action pursuant to 42 U.S.C. section 1983, alleging an improper arrest. Plaintiff claims that in effecting the arrest, Defendants violated his federal constitutional rights under the Fourth, Fifth, and Fourteenth Amendments and also committed the state torts of false arrest and imprisonment and intentional infliction of emotional distress. Now before the Court is a Motion to Dismiss filed by Defendants Lake County Sheriff's Department, aka Lake County Sheriff's Office, and Officer Steve Wright ("County Defendants"). (Dkt. No. 6.)

Having carefully reviewed and considered the parties' arguments on the papers, the Court hereby **GRANTS** County Defendants' Motion as to Plaintiff's Fifth and Fourteenth Amendment claims and Plaintiff's state tort claims against the County, and **DENIES** County Defendants' Motion as to Plaintiff's request for attorney's fees.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court determined this matter suitable for resolution on the papers and therefore issues this decision without oral argument.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's complaint (Dkt. No. 1) alleges as follows:

Plaintiff is a regular customer at the Hardester's Market shopping center in Cobb, California. Hardester's Market owns the shopping center, which contains several commercial retail spaces including the Mountain High Coffee Shop and the Carvagal Real Estate Agency. Plaintiff routinely gets coffee and food at the coffee shop and talks to patrons and employees about his religious beliefs. (Compl. ¶ 9, Opp. at 1.) In the complaint, Plaintiff describes how he uses nuts and bolts to "demonstrate why marriage is naturally appropriate between a man and a woman, and homosexuality is unnatural and violates the laws of nature and Gods [sic] law." (Compl. ¶ 9.) He "use[s] the nuts and bolts to suggest that two nuts or two bolts could not form a proper union." (*Id.*)

In September 2013, a man who frequents the coffee shop where Plaintiff loiters "got angry" and complained to Defendant Officer Wright and the owner of the coffee shop that Plaintiff was talking to children about his nuts and bolts theory. (*Id.*) A few days later, Plaintiff gave a young girl a religious pamphlet in the same shopping center. (*Id.*) Following that, Officer Wright told Plaintiff that although he has a right to distribute literature, he has to "be careful talking to children under the age of 18." (*Id.*) A few days after that, Plaintiff was parked in the Hardester Market parking lot and saw a young boy. (*Id.*) He told the boy, "I would like to give you a little story but I have to talk to your mom first." (*Id.*)

The next day, Officer Wright came to the coffee shop in the Hardester's Market shopping center and told Plaintiff that he had frightened the boy and could not speak to anyone under 18 years old. Officer Wright told Plaintiff, "You've got two strikes." (*Id.*)

On October 2, 2013, Plaintiff was again patronizing the coffee shop. (*Id.*) Three boys were milling around nearby, and a conversation ensued between Plaintiff and the boys. (*Id.*)

On October 3, 2014, Plaintiff was once again at the coffee shop. James Gaskill, the manager of Hardester's Market, told Plaintiff to finish his purchase and leave the shopping center property. Plaintiff refused and sat down outside the shop with his coffee. (*Id.* at ¶ 21.) Gaskill then called the Sheriff's Department and asked that a deputy be sent to remove Plaintiff from the premises. (*Id.*)

Plaintiff was inside the Carvagal Real Estate Office at the shopping center talking to the owner, Art Carvagal, when Officer Wright arrived. (*Id*.) Officer Wright told Plaintiff to leave the office and Plaintiff refused. (*Id.*) Wright entered the office, stating that Plaintiff's refusal to exit constituted resisting arrest. (*Id.* at ¶ 22.) At that point, James Gaskill appeared and stated that he had previously asked Plaintiff to leave the shopping center. (*Id.* ) Wright asked Plaintiff to turn around, apparently in order to arrest him, and Plaintiff refused. (*Id*.) Wright attempted to force Plaintiff to turn around by grabbing his shoulder. (*Id*.) Again, Plaintiff refused to turn around. (*Id*.) Wright then forced Plaintiff to the floor, hitting his left shoulder and the left side of his face on the ground, and sprayed pepper spray into Plaintiff's face. (*Id*.)

Plaintiff was arrested and taken to Lake County's Main Adult Detention Facility for booking. (*Id*. at ¶ 46.) On the booking report, Officer Wright indicated that Plaintiff violated California Penal Code Section 602(m) (Trespassing: Refusal to Leave Property) and Section 148(A)(1) (Obstructing/Resisting Public/Peace Officer). (*Id*. at Ex. A.) Plaintiff was released at 11:10 p.m. the same day on bail. (*Id*. at ¶ 22.)

In his complaint, Plaintiff alleges that the arrest effected by Officer Wright was improper and violated his rights under the federal constitution and state law. Specifically, Plaintiff advances four claims: (i) violation of his Fourth, Fifth, and Fourteenth Amendment rights; (ii) false imprisonment/arrest; (iii) excessive force; and (iv) intentional infliction of emotional distress.[2] Plaintiff names six defendants: the Lake County Sheriff's Department, Officer Steve Wright, James Gaskill, Duane Harper, Grant Hardester, and GR Hardester LLC.

The instant motion is a partial motion to dismiss filed by two of the six named defendants: namely, Defendants Lake County Sheriff's Department, aka Lake County Sheriff's Office, and Officer Steve Wright (together, "County Defendants").[3] County Defendants filed their Motion to

---

[2] The complaint is not a model of clarity. In places, Plaintiff seems to suggest that there may be other potential violations, such as the violation of his First Amendment right, various other state statutes, and general legal principles. However, Plaintiff enumerates only these four claims at the conclusion of his complaint. (*See* Compl. ¶¶ 67–89.)

[3] Defendants James Gaskill, Duane Harper, Grant Hardester, and GR Hardester LLC (together, "Hardester's Defendants") filed an answer on December 10, 2013. (Dkt. No. 16.)

3

1  Dismiss on November 6, 2013. (Dkt. No. 6.)  Plaintiff filed an Opposition to Defendants' Motion to
2  Dismiss as well as a Memorandum of Points and Authorities in support thereof on December 5,
3  2013.  (Dkt. Nos. 12–13.)  County Defendants filed a Reply on December 17, 2013.  (Dkt. No. 20.)
4  Following that, Plaintiff filed an Opposition to Defendants' Reply (Sur-Reply) on January 6, 2014,
5  which this Court permitted.  (Dkt. No. 27.)  On January 16, 2014, this Court ordered supplemental
6  briefing, which the parties filed on January 31, 2014.  (Dkt. Nos. 38, 39.)

**II.     LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003).  Review is limited to the contents of the complaint.  *Allarcom Pay Television. Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995).  To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.  Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Specific facts are unnecessary; the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  All allegations of material fact are taken as true.  *Id.* at 94.  Consequently, there is a strong presumption against dismissing an action for failure to state a claim.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

However, legally conclusory statements unsupported by actual factual allegations need not be accepted.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citations and quotations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Id.*  Furthermore, courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

### III. DISCUSSION

In their motion to dismiss, County Defendants assert that Plaintiff has alleged no legally cognizable Fifth Amendment or Fourteenth Amendment claim. County Defendants next argue that Plaintiff's state law tort claims against the County of Lake should be dismissed pursuant to California Government Code § 815. Finally, County Defendants contend that Plaintiff's request for attorney's fees should be stricken.[4]

The Court addresses County Defendants' arguments in turn.

**A. Fifth Amendment Claim**

County Defendants argue that Plaintiff has alleged no facts to establish Fifth Amendment liability as to them. They argue that the Fifth Amendment's Due Process clause applies only to the federal government. Because Officer Wright is a local law enforcement official and the County of Lake is a public entity organized under the laws of the State of California, the County Defendants contend that they cannot violate the Fifth Amendment as a matter of law and that accordingly, Plaintiff's claims must be dismissed. (Mot. at 2–3.)

Although Plaintiff does not squarely address Defendants' argument in his Opposition, Memorandum in Support, or Sur-Reply, this fact is of no matter. Plaintiff's Fifth Amendment claim is foreclosed by the Constitution. "[T]he Fifth Amendment's due process clause only applies to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008)(citing *Betts v. Brady*, 316 U.S. 455, 462 (1942) ("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safe-guarded against state action in identical words by the Fourteenth."), *overruled on other grounds by Gideon v. Wainwright*, 372 U.S. 335 (1963)).

Here, County Defendants are a local law enforcement official and a state public entity. Thus, Plaintiff has alleged no facts to support a cause of action under the Fifth Amendment. Furthermore, the Court finds that Plaintiff is unable to cure the defect by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The officer and department at issue in this case are not federal officials

---

[4] County Defendants do not challenge Plaintiff's Fourth Amendment claims. (Mot. at 1, n.2.) Nor do County Defendants challenge Plaintiff's state tort claims against Officer Wright.

or entities, and thus, any further allegations concerning their conduct cannot give rise to a Fifth Amendment claim. Accordingly, Plaintiff's Fifth Amendment claim is dismissed with prejudice.

### B. Fourteenth Amendment Due Process Claim

County Defendants argue that Plaintiff has no legally cognizable Fourteenth Amendment claim based on the facts alleged. They recognize that Plaintiff has pled claims based on wrongful arrest, unreasonable seizure, and excessive force. (Mot. at 3.) County Defendants argue, however, that because such claims properly fall under the Fourth Amendment's specific provision concerning this sort of conduct, Plaintiff cannot also proceed under the Fourteenth Amendment's broader due process provision on those same claims as a matter of law. (*Id*.)

Again, Plaintiff does not directly respond to this argument in his Opposition, Memorandum in Support, or Sur-Reply. In any event, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 395(1989)); *Koch v. Lockyer*, 340 Fed. Appx. 372 (9th Cir. 2009) (internal quotations omitted).

Here, Plaintiff's Fourth Amendment and Fourteenth Amendment claims both challenge the propriety of his arrest – the events leading up to it, how it was executed, and the incarceration that followed. This clearly falls within the ambit of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person. *Albright*, 490 U.S. at 273. The Fourth Amendment provides an explicit textual source of constitutional protection against exactly the sort of conduct Plaintiff alleges occurred, and thus, the Fourth Amendment is the proper guide for analyzing his claims. *See id*. Once again, the Court finds that Plaintiff would be unable to cure the defect by amendment. *See Lopez*, 203 F.3d at 1129. Accordingly, Plaintiff's Fourteenth Amendment claim is dismissed with prejudice as it is duplicative of his Fourth Amendment claim.

### C. State Tort Claims of False Arrest/Imprisonment and Intentional Infliction of Emotional Distress

County Defendants argue that Plaintiff's state tort claims against the County of Lake should be dismissed pursuant to Rule 12(b)(6) because Plaintiff failed to identify a precise statutory basis for County liability. In addition, County Defendants argue that such claims should be dismissed because vicarious liability as to the County is not an independent cause of action and will "operate as a matter of law" if Plaintiff's state tort claims against Officer Wright succeed. (*See* Mot. at 4; Def. Supp. Br. at 3-4.) The Court addresses each argument in turn.

County Defendants contend that public entities are immune from tort liability absent a statute imposing liability, and that because Plaintiff has not identified a statutory basis for the common law claims of false arrest/imprisonment and intentional infliction of emotional distress, his claims against the County must be dismissed. (Mot. at 4, citing *Becerra v. County of Santa Cruz*, 68 Cal.App.4th 1450, 1457 (App. 6th 1998).)

Under the Federal Rules, "a pro se complaint however inartfully plead must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Haines v. Kerner,* 404 U.S. 519, 520 (1972). "Pleadings should be liberally construed in the interests of justice, particularly when a pleader is not learned in the law." *Johnson v. Reagan,* 524 F.2d 1123, 1124 (9th Cir.1975)). Plaintiff's inability to cite a precise statutory basis for liability does not compel automatic dismissal of his tort claims against the County. *Becerra*, upon which County Defendants rely, is not controlling and does not require that Plaintiff "present a statutory basis" for any tort liability. *See Becerra*, 68 Cal.App.4th at 1457.

Furthermore, the section of the California Tort Claims Act that immediately follows the section County Defendants cite provides that public entities *can* be vicariously liable for acts of their employees:

> A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

Cal. Gov't Code § 815.2(a) (West).

Indeed, courts have held that counties can be vicariously liable for false imprisonment. *See, e.g., Sullivan v. Cnty. of Los Angeles*, 12 Cal. 3d 710, 722 (Cal. 1974) (". . . [T]he county sheriff remains liable for his alleged knowing imprisonment of appellant. Under Section 815.2 the sheriff's liability is in turn attributed to his employer, the county."); *Rodriguez v. Cnty. of Los Angeles*, 217 Cal.App.4th 806, 807, 812 (App. 2d 2013); *Gillan v. City of San Marino*, 147 Cal.App.4th 1033, 1049 (App. 2d 2007)("[A] public employee, and his or her public entity employer (Gov. Code, § 815, subd. (a)), can be liable for false imprisonment . . ."). Similarly, a public entity can be liable for intentional infliction of emotional distress ("IIED"). *See Tien Van Nguyen v. City of Union City*, 2013 WL 3014136, *7 (N.D. Cal. June 17, 2013) (declining to dismiss IIED claim against a municipality).

Next, in their supplemental brief, County Defendants argue for the first time that because "[r]espondeat superior is a form of vicarious liability, not an independent cause of action," Plaintiff's tort claims against the County should be dismissed. (Def. Supp. Br. at 4 (citing *Gottschalk v. City & Cnty. of San Francisco*, 2013 WL 557010, *1 (N.D. Cal. Feb. 12, 2013).) County Defendants concede that Plaintiff's claim against the County will "operate as a matter of law" if his claims against Officer Wright succeed, and further note that they have not moved to dismiss such claims. (*Id*.)

The Court agrees. Plaintiff's state tort allegations against the County of Lake are in effect claims for vicarious liability that arise from Plaintiff's allegations concerning Officer Wright's conduct. As County Defendants stated, pursuant to California Government Code section 815.2, the County would be liable as a matter of law for the actions of Officer Wright if those actions were undertaken "within the scope of his employment." Cal. Gov't. Code § 815.2. Accordingly, Plaintiff's state tort claims against the County of Lake are hereby dismissed without leave to amend.

**D. Request for Attorney's Fees**

Last, County Defendants argue that Plaintiff's request for attorney's fees should be stricken because he is a *pro se* litigant. They claim "the case law is clear" that *pro se* litigants are not entitled to attorney's fees. (Mot. at 4.) The Court notes that although County Defendants are correct in this assertion, it would be premature at this early stage of the litigation to strike Plaintiff's request for

8

attorney's fees. Plaintiff may retain counsel in this case, and if he does, attorney's fees may be warranted. Indeed, the Hardester's Defendants have advised the Court that Plaintiff is seeking counsel. (*See* Dkt. No. 34.)

Accordingly, this Court denies County Defendants' motion that Plaintiff's request for attorney's fees be stricken.

## IV. CONCLUSION

For the reasons stated above, County Defendants' Motion to Dismiss is hereby **DENIED IN PART** and **GRANTED IN PART**.

Furthermore, Defendants Lake County and Officer Steve Wright are hereby **ORDERED** to respond to Plaintiff's complaint no later than **March 25, 2014**.

In addition, pursuant to Fed. R. Civ. P. 16(b) and Civil L. R. 16-10, a **CASE MANAGEMENT CONFERENCE** shall be held in this case on **MONDAY, APRIL 7, 2014, AT 2:00 P.M.**, at the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building, Oakland.

The parties shall file a joint case management conference statement seven days in advance of the case management conference date. The statement must include all elements requested in the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement." (*See* Standing Orders for Judge Gonzalez Rogers, http://www.cand.uscourts.gov/ygrorders.)

As set forth in this Court's Standing Order in Civil Cases, these conferences are intended to be substantive and productive. Accordingly, each party shall be represented at the Case Management Conference by counsel with authority to enter into stipulations and make admissions pursuant to Fed. R. Civ. P. 16(a) and (c), as well as fully prepared to address all of the matters referred to in the CAND CMC Order and Civil L.R. 16-10(b). Failure to do so shall be considered grounds for sanctions.

Plaintiff is again reminded that, as a *pro se* litigant, he may seek assistance at the Court's Legal Help Center. The Legal Help Center may assist persons who do not have lawyers if they

9

make an appointment. The Legal Help Center's phone number is (415) 782-8982 and its website is http://cand.uscourts.gov/helpcentersf.

Dated: March 6, 2014    _____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**