1

2

3

4                      UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7   **RONALD FRANK FIDGE**,                  Case No.  13-cv-05182-YGR

              Plaintiff,
8
                                             **ORDER PROVIDING *RAND* SUMMARY**
9         v.                                 **JUDGMENT NOTICE**

10  **LAKE COUNTY SHERIFF'S DEPARTMENT, ET
    AL.**,
11
              Defendants.
12
         Defendants Lake County Sheriff's Department, *et al*. ("Defendants") have filed a motion

13  for summary judgment against Plaintiff Ronald Frank Fidge ("Plaintiff") in this matter.  (Dkt. No.

14  106, filed October 29, 2014.)  Pursuant to the local civil rules, Plaintiff's opposition is due

15  November 17, 2014.  (*See* N.D. Cal. L. Civ. R. 7-3(a).)  Defendants' reply is due November 27,

16  2014.  (*See* N.D. Cal. L. Civ. R. 7-3(c).)  Pursuant to the Court's Order Resetting Pretrial Dates

17  (Dkt. No. 79), the motions is set to be heard December 16, 2014.

18       Ninth Circuit authority indicates that self-represented plaintiffs should be given "notice of

19  what is required of them in order to oppose" summary judgment motions at the time of filing of

20  the motions.[1]  *See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998); *Woods v. Carey*, 684

21  F.3d 934, 935, 940-41 (9th Cir. 2012).  Accordingly, the Court provides the following notice to

22  Plaintiff for his information in connection with Defendant's motion for summary judgment:

23       Defendant is making a motion for summary judgment under Rule 56 of the
         Federal Rules of Civil Procedure which, if granted, will end your case by
24       granting judgment in favor of Defendant.  Rule 56 tells you what you must do
         in order to oppose a motion for summary judgment.  Generally, summary
25       judgment must be granted when there is no genuine issue of material fact -- that

26

27  _____
         [1] Plaintiff has represented that he has hired counsel and that his new counsel is taking steps
28  to formally appear in this action.  As of the date of this Order, however, and at the time
    Defendants' filed their motion for summary judgment, Plaintiff is and was unrepresented.

United States District Court
Northern District of California

is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e).  The evidence in those documents must contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment may be entered against you.  If summary judgment is granted in favor of the defendant, your case will be dismissed and there will be no trial.

*See Rand*, 154 F.3d at 962-63.


**IT IS SO ORDERED.**

Dated: October 31, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT**

United States District Court
Northern District of California

2