UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONALD FRANK FIDGE**, <br>     Plaintiff, <br><br>     v. <br><br> **LAKE COUNTY SHERIFF'S DEPARTMENT, ET AL.**, <br>     Defendants. | Case No. 13-cv-05182-YGR <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Now before the Court is Plaintiff's Motion for Reconsideration (Dkt. No. 115), filed November 17, 2014, in which Plaintiff Ronald Frank Fidge seeks reconsideration of this Court's Order Denying Motion for Extension of time for Discovery (Dkt. No. 112). For the reasons set forth below, the Court **DENIES** the motion.

The local rules of this district set forth the requirements for seeking leave to file a motion for reconsideration. (N.D. Cal. Civ. L. R. 7-9.) As stated therein, a party seeking reconsideration must first file a motion for leave to file the motion for reconsideration. In such motion, the moving party must show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. (*Id*. at 7-9(b).) The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of such order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. (*Id*.) Importantly, a motion for leave to file a motion for reconsideration must not "repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." (*Id*. at 7-9(c).) "Any party who violates

this restriction shall be subject to appropriate sanctions." (*Id.*)

Plaintiff's submission does not comply with the rules. As a preliminary matter, plaintiff has not sought leave of court to file the instant motion. However, even affording plaintiff considerable leniency as a *pro se* plaintiff, the Court finds that plaintiff has presented no basis for this Court to reconsider its prior ruling. First, plaintiff's motion for reconsideration restates the bases for the extension previously requested and elaborates thereon: he is in the process of hiring an attorney, and he needs additional time to complete the submission of curriculum vitae and statements from experts. (*Compare* Dkt. Nos. 103 *with* 115.) There is thus no indication that he "did not know such fact" at the time of his initial motion, nor that there has been any "emergence of new material facts" occurring after the time of such order. (*Id.* at 7-9(b).) In fact, there appears to be no indication that an attorney has been retained despite the time that has passed since plaintiff first made representations on the issue. Second, the repetition of argument is itself a violation of Local Rule 7-9(c).

Accordingly, the instant motion is **DENIED**.

This terminates Docket Number 115.

**IT IS SO ORDERED.**

Dated: December 11, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT**