United States District Court
Northern District of California

1

2

3                            UNITED STATES DISTRICT COURT

4                          NORTHERN DISTRICT OF CALIFORNIA

5

6    **RONALD FRANK FIDGE**,                    Case No.  13-cv-05182-YGR

            Plaintiff,
7

8           v.                                  **ORDER PROVIDING SECOND *RAND***
                                                **SUMMARY JUDGMENT NOTICE**
     **LAKE COUNTY SHERIFF'S DEPARTMENT, ET**
9    **AL.**,

10          Defendants.

11          On October 29, 2014, Defendants Steve Wright, et al., ("Lake County Defendants") filed a

12   motion for summary judgment against Plaintiff Ronald Frank Fidge in this matter.  (Dkt. No. 106.)

13   Following the filing thereof, the Court provided plaintiff with a *Rand* summary judgment notice,

14   informing Plaintiff of what is required in order to oppose summary judgment.  (Dkt. No. 109.)

15          In connection with their opposition to Plaintiff's motion for summary judgment (Dkt. No.

16   114), Defendants Grant Hardester, LLC, et al. ("Hardester's Defendants") also filed a cross-

17   motion for summary judgment against Plaintiff (Dkt. No. 126).  At the same time, the Hardester's

18   Defendants filed their cross-motion separately as an independent motion.  (Dkt. No. 129.)

19          Pursuant to the local civil rules, Plaintiff's opposition to this separate motion was due

20   December 10, 2014.  (*See* N.D. Cal. L. Civ. R. 7-3(a).)  In connection with his own motion for

21   summary judgment, plaintiff's reply was due December 3, 2014.  To date, Plaintiff has filed no

22   response to the Hardester's cross-motion for summary judgment, nor has he filed a reply in

23   support of his own motion for summary judgment specifically in response to arguments raised in

24   the Hardester's Defendants' cross-motion.

25          Ninth Circuit authority indicates that self-represented plaintiffs should be given "notice of

26   what is required of them in order to oppose" summary judgment motions at the time of filing of

27   the motions.  *See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998); *Woods v. Carey*, 684

28   F.3d 934, 935, 940-41 (9th Cir. 2012).  The Court notes that Plaintiff was previously apprised of

United States District Court
Northern District of California

1  what he must do in order to oppose summary judgment, and has filed an opposition to the Lake

2  County Defendants' motion for summary judgment.  (*See* Dkt. No. 109; 119.)  The Court further

3  notes that the Hardester's Defendants'  cross-motion overlaps in part with the substance of the

4  Lake County Defendants' motion.  In addition, Plaintiff has filed a motion for summary judgment

5  of his own.

6  　　　　Nonetheless, out of an abundance of caution, in light of the fact that Plaintiff is proceeding

7  *pro se*, the Court provides the following notice, for the second time, to Plaintiff for his information

8  in connection with the Hardester Defendants' cross-motion for summary judgment:

> Defendant is making a motion for summary judgment under Rule 56 of the
> Federal Rules of Civil Procedure which, if granted, will end your case by
> granting judgment in favor of Defendant.  Rule 56 tells you what you must do
> in order to oppose a motion for summary judgment.  Generally, summary
> judgment must be granted when there is no genuine issue of material fact -- that
> is, if there is no real dispute about any fact that would affect the result of your
> case, the party who asked for summary judgment is entitled to judgment as a
> matter of law, which will end your case.  When a party you are suing makes a
> motion for summary judgment that is properly supported by declarations (or
> other sworn testimony), you cannot simply rely on what your complaint says.
> Instead, you must set out specific facts in declarations, depositions, answers to
> interrogatories, or authenticated documents, as provided in Rule 56(e).  The
> evidence in those documents must contradict the facts shown in the defendant's
> declarations and documents and show that there is a genuine issue of material
> fact for trial.  If you do not submit your own evidence in opposition, summary
> judgment may be entered against you.  If summary judgment is granted in favor
> of the defendant, your case will be dismissed and there will be no trial.

20  *See Rand*, 154 F.3d at 962-63.  In light of this notice, Plaintiff shall have until **May 25, 2015** to

21  file an opposition to the Hardester's Defendants' motion for summary judgment addressing any

22  arguments or evidence not previously contained in the briefing to this point.  Any reply will be

23  due **June 1, 2015**.

24  　　　**IT IS SO ORDERED.**

25  Dated: May 12, 2015

26  ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　**YVONNE GONZALEZ ROGERS**

27  **UNITED STATES DISTRICT COURT JUDGE**

28

2