UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONALD FRANK FIDGE**<br>　　　Plaintiff,<br><br>　　v.<br><br>**LAKE COUNTY SHERIFF'S DEPARTMENT, ET AL.**,<br>　　　Defendants. | Case No. 13-cv-05182-YGR<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; DISMISSING REMAINING CLAIM WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 157, 165, 166 |

On November 6, 2013, *pro se* plaintiff Ronald Frank Fidge filed a complaint against defendants, seeking recovery under 42 U.S.C. Section 1983 and various state tort claims. On June 25, 2015, this Court granted summary judgment in favor of defendants and against plaintiff on all then-remaining claims except for plaintiff's claim for intentional infliction of emotional distress, and ordered the parties to show cause why the pendant state claim should not be dismissed without prejudice for lack of subject matter jurisdiction. (Dkt. No. 157.) In response to that order, defendants timely filed a joint statement. (Dkt. No. 158.) Plaintiff separately filed a statement purportedly responding to the Court's order to show cause. (Dkt. No. 159). Plaintiff later filed a motion for leave to file a motion for reconsideration of the grant of summary judgment to the defendants. (Dkt. No. 166.)

Presently before the Court are plaintiff's motion for leave to file a motion for reconsideration, and the parties' responses to the Court's order to show cause on jurisdiction.[1]

---

[1] In addition, plaintiff filed a motion for extension of time to file a notice of interlocutory appeal of the Court's grant of summary judgment to defendants. (Dkt. No. 165.) Because the Court declines to retain jurisdiction over this matter, judgment will issue, and plaintiff may timely appeal the judgment upon entry thereof. Plaintiff's motion for extension of time is therefore **DENIED AS MOOT**.

Having carefully considered the papers submitted, and for the reasons set forth below, the Court hereby **DENIES** plaintiff's motion for leave to file a motion for reconsideration, and **DISMISSES WITHOUT PREJUDICE** plaintiff's remaining state claim.[2]

**I.    PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Pursuant to Local Rule 7-9, plaintiff requests leave to file a motion for reconsideration of the order granting summary judgment in favor of defendants. This Court's Civil Local Rule 7-9(b) requires a party seeking reconsideration of an interlocutory order to "specifically show reasonable diligence[3] in bringing the motion *and* one of the following:

> (1)    That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2)    The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3)    A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b) (emphasis supplied).

None of the appropriate standards apply here. Plaintiff has not made any showing, let alone a specific showing, with respect to the standards in Local Rule 7-9(b). Instead, plaintiff seeks reconsideration of the evidence already presented to and before the Court on summary judgment. There is not a proper procedural basis for seeking reconsideration on these grounds. Accordingly, plaintiff's motion for leave is **DENIED**.

---

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court determined these matters suitable for decision without oral argument.

[3] The Court notes that, even in light of his *pro se* status, plaintiff did not act with reasonable diligence in filing this motion. Indeed, plaintiff previously filed a motion for reconsideration of the order on summary judgment (Dkt. No. 160), which the Court denied without prejudice for plaintiff's failure to seek leave of Court (Dkt. No. 161). Rather than follow the Court's instructions and file a motion for leave, plaintiff filed a notice of appeal to the Ninth Circuit. (Dkt. No. 162.) Plaintiff filed the instant motion for leave following the Ninth Circuit's dismissal of plaintiff's appeal for lack of jurisdiction because the order on summary judgment was not final or appealable. (Dkt. No. 164.) This alone warrants denial of plaintiff's motion for leave.

## II. JURISDICTION OVER REMAINING STATE TORT LAW CLAIM

The Court's jurisdiction over this matter was conferred by the existence of a federal question, namely, plaintiff's claim under 42 U.S.C. section 1983. Following the Court's order on summary judgment, the only remaining claim is plaintiff's fourth cause of action arising under state law for intentional infliction of emotional distress. The Court previously exercised supplemental jurisdiction over the state claims as a result of the section 1983 claim. Without the federal claim, however, no basis for jurisdiction exists over the remaining state claim alone.

Where "federal claims are dismissed before trial, as [plaintiff's] section 1983 claim was here, pendant state claims also should be dismissed." *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 651 (1984) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Plaintiff, the party to invoke this Court's jurisdiction in the first instance, has not provided the Court with any basis to deviate from this general rule. Defendants recognize that courts typically decline jurisdiction under these circumstances, but implore the Court to nonetheless exercise jurisdiction over the state tort law claim and dismiss it with prejudice. The Court declines. Plaintiff's federal claim having been dismissed, the pendant state claim for intentional infliction of emotional distress is **DISMISSED WITHOUT PREJUDICE**.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's motion for reconsideration and **DISMISSES WITHOUT PREJUDICE** plaintiff's remaining state tort law claim for intentional infliction of emotional distress. Accordingly, judgment will issue.

This Order terminates Docket Numbers 165 and 166.

**IT IS SO ORDERED.**

Dated: September 29, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**